**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Traivon Dayshad Young, Appellant.

Appellate Case No. 2019-001217

Appeal From Allendale County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2021-UP-299
Submitted June 1, 2021 – Filed August 11, 2021

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Senior Assistant Attorney General W. Edgar Salter, III,
all of Columbia; and Solicitor Isaac McDuffie Stone, III,
of Bluffton, all for Respondent.

**PER CURIAM:** Traivon Dayshad Young appeals his convictions and sentences for murder and possession of a weapon during the commission of a violent crime, arguing the trial court abused its discretion by (1) excluding evidence indicating the victim was a registered sex offender and (2) declining to instruct the jury that a person who acts in self-defense "is not required to wait until his adversary is on equal terms before he acts." We affirm pursuant to Rule 220(b), SCACR.

1. We find the trial court did not abuse its discretion by excluding evidence indicating the victim was a registered sex offender. *See State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19 (Ct. App. 2009) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a manifest abuse of discretion accompanied by probable prejudice."). Because only those who have been "convicted of, adjudicated delinquent for, [or] pled guilty or nolo contendere to" certain sexual offenses are required by law to register as a sex offender, evidence a person is a registered sex offender constitutes evidence of a prior conviction and specific instance of conduct. *See* S.C. Code Ann. § 23-3-430(A) (2007) (Any person, . . . who in this State has been convicted of, adjudicated delinquent for, pled guilty or nolo contendere to [certain sexual offenses] . . . shall be required to register" as a sex offender). Moreover, because the victim's prior offense was not directed at Young and occurred more than sixteen years before Young shot the victim, the victim's sex offender status was not sufficiently connected in point of time or occasion with the victim's death to have caused Young to have a reasonable apprehension of great bodily harm. Thus, evidence the victim was a sex offender was not admissible as evidence of a pertinent character trait of the victim. *See* Rule 405(b), SCRE (providing a specific instance of conduct is not admissible as evidence of a pertinent character trait unless the character trait "is an essential element of a charge, claim, or defense"); Rules 404(a)(2) & 405(a), SCRE (providing that only opinion or reputation testimony is admissible to prove a pertinent character trait of the victim); *State v. McCray*, 413 S.C. 76, 94-95, 773 S.E.2d 914, 923 (Ct. App. 2015) ("[E]vidence of other specific instances of violence [by the victim] are not admissible unless they were directed against the defendant or . . . were so closely connected at the point of time or occasion with the homicide . . . to produce reasonable apprehension of great bodily harm" (quoting *State v. Day*, 341 S.C. 410, 419-20, 535 S.E.2d 431, 436 (2000))).

2. We find the trial court did not abuse its discretion by declining to instruct the jury that "a defendant is not required to wait until his adversary is on equal terms or until he has fired or aimed his weapon in order to act." *See State v. Cottrell*, 421

S.C. 622, 643, 809 S.E.2d 423, 435 (2017) ("A trial court is required to charge the current and correct law in South Carolina."); *State v. Marin*, 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) ("The law to be charged must be determined from the evidence presented at trial." (quoting *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011))); *id.* ("In reviewing jury charges for error, [this court] must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial." (quoting *Brandt*, 393 S.C. at 549, 713 S.E.2d at 603)); *State v. Starnes*, 340 S.C. 312, 322, 531 S.E.2d 907, 913 (2000) ("In charging self-defense, the trial court must consider the facts and circumstances of the case in order to fashion an appropriate charge."); *Marin*, 415 S.C. at 482, 783 S.E.2d at 812 ("The substance of the law is what must be instructed to the jury, not any particular verbiage." (quoting *State v. Smith*, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994))); *State v. Harris*, 382 S.C. 107, 115, 674 S.E.2d 532, 536 (Ct. App. 2009) (holding the trial court did not abuse its discretion by refusing to give the requested jury instruction because "[t]he trial court's instructions made it clear [the defendant] did not have to wait until he was actually under attack in order to employ force to defend his life").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.